# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RODNEY WHITE (#123606)**                    **CIVIL ACTION NO.**

**VERSUS**                                               **22-577-JWD-EWD**

**KIRT D. GUERIN, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 16, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RODNEY WHITE (#123606)**                    **CIVIL ACTION NO.**

**VERSUS**                                   **22-577-JWD-EWD**

**KIRT D. GUERIN, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Complaint of Rodney White ("Plaintiff") who is representing himself and who is confined at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana.[1]   Based on the claims screening process required by 28 U.S.C. § 1915A, and the authority provided the Court under 28 U.S.C. § 1915(e), it is recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims; that all Plaintiff's federal claims against Kirt D. Guerin, James M. LeBlanc, the State of Louisiana, Unknown Randalls, Donald Johnson, Unknown Gaines, and Craig White, and Plaintiff's claims of retaliation against any defendant, be dismissed with prejudice as legally frivolous and/or for failure to state a claim; that White's federal claims against Dr. Roscoe Harris be dismissed without prejudice for failure to state a claim; and that this matter be referred to the undersigned for further proceedings on Plaintiff's remaining claims (*i.e.*, his claims against Defendants Angelica Johnson ("Angelica") and Ronald Bell ("Bell") for conspiracy to violate the Eighth Amendment and the related excessive force claim against Angelica).

## I.    BACKGROUND

Plaintiff filed this suit on or about August 16, 2022 against Defendants Bell, Angelica, Kirt D. Guerin, James M. LeBlanc, the State of Louisiana, Roscoe Harris, Unknown Randalls, Donald

---

[1] R. Doc. 1.

Johnson, Unknown Gaines, and Craig White alleging violations of his constitutional rights because

he was attacked by Bell, who is another inmate.[2]  White seeks monetary and injunctive relief.[3]

## II.    LAW & ANALYSIS

### A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or

an officer or employee of a governmental entity, or by any other plaintiff who has been granted

IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be

granted.[4]  The statutes give the court the ability to separate those claims that may have merit from

those that lack a basis in law or in fact, and the court may dismiss any claim that does not pass

screening, before service of process or before any defendant has answered.  Because Plaintiff is

incarcerated, has filed suit against prison officials, and has been granted IFP status, his claims are

subject to the screening process.

To determine whether a Complaint fails to state a claim, courts apply the same standard

used for dismissals under Fed. R. Civ. Proc. 12(b)(6).[5]  This means the court must accept all well-

pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[2] R. Doc. 1.  The suit was not docketed in this Court until August 19, 2022, but Plaintiff dated the suit August 16, 2022.  R. Doc. 1, p. 16.  His affidavit of verification is dated August 17, 2022.  R. Doc. 1, p. 17.

[3] R. Doc. 1, p. 16. To the extent Plaintiff complains that Jerome Allen was relocated in retaliation for assisting Plaintiff with this lawsuit or regarding his access to the courts because Allen has been transferred (R. Doc. 7), these claims are entirely separate from the other claims in this lawsuit and arose after the filing of this lawsuit, so they are not properly brought in this case.  If Plaintiff seeks relief from the Court regarding Allen's relocation and its impact on his access to the courts, he must file a separate lawsuit.

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Plaintiff was granted IFP status on September 19, 2022, so both statutes apply.  R. Doc. 3.

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B.  White Cannot State a Claim against the State of Louisiana

White named the State of Louisiana as a Defendant.[14]  However, the State of Louisiana is not a proper defendant in a civil rights action, such as this one, brought under 42 U.S.C. § 1983. First, a state is not a "person" subject to suit under § 1983.[15]  Second, even if the State were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment, which bars a state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief, unless the state has waived its

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] R. Doc. 1, p. 4.
[15] *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989).

immunity.[16]  Louisiana has not waived its Eleventh Amendment immunity.[17]  Therefore, Plaintiff's

federal claims against the State of Louisiana are subject to dismissal as legally frivolous and/or for

failure to state a claim.

### C.  White Cannot State a Claim Against LeBlanc or Guerin[18]

Supervisory officials may be held liable under § 1983 only if they affirmatively participate

in acts that cause constitutional deprivation or establish unconstitutional policies that cause the

plaintiff's injury.[19]  An allegation that a named defendant is responsible for the actions of

subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat*

*superior* does not state a claim under § 1983.[20]  Further, if the supervisory official does not directly

participate in an alleged constitutional violation, an inmate plaintiff must be able to show that he

was deprived of his constitutional rights because an employee applied the supervisor's wrongful

policies or as a result of a breach by the supervisor of a duty imposed by state law.[21]  To establish

---

[16] *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002).

[17] La. R.S. § 13:5106(A).

[18] Further, to the extent any other Defendant is named because of his or her supervisory role, those claims are subject to dismissal for the same reason as the claims against LeBlanc and Guerin.  Plaintiff also cannot state a claim against Assistant Warden Craig White for allegedly attempting to cover up the incident (R. Doc. 1, p. 5) (*Cunningham v. de la Vaga*, 131 F.3d 141, 141 (5th Cir. 1997) (no constitutionally protected right to guard against defendants conspiring to cover up an attack)), against Randalls for not being at her assigned post (*Kimball v. Benjamin*, No. 14-919, 2014 WL 5796072, at *2 (W.D. La. Nov. 6, 2014) (leaving assigned post constitutes mere negligence insufficient to state a § 1983 claim)), or against Gaines for sentencing Bell to the working cellblock rather than extended lockdown after his disciplinary proceeding, as an inmate does not have any protected constitutional interest in the outcome of his own disciplinary proceedings, much less the disciplinary proceedings of other inmates.  *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (The Fifth Circuit has made clear that inmates have no federally protected liberty interest in having their grievances resolved to their satisfaction, so a related due process claim is not cognizable); *Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (the logic and conclusion of *Geiger* are equally applicable in the context of prison disciplinary proceedings finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation").

[19] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[20] *See Iqbal*, 556 U.S. at 676 (2009), citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

[21] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

liability based on a policy, the policy must be so deficient that it can be seen as the cause of the constitutional violation.[22]

Because Plaintiff has failed to make any allegations against James M. LeBlanc, the Secretary of the Louisiana Department of Corrections, and it appears LeBlanc is named solely because of his supervisory role, Plaintiff's federal claims against LeBlanc are subject to dismissal. Plaintiff also does not allege that Guerin was directly involved in any of the alleged constitutional violations[23] or that Guerin established any policies, much less policies so deficient that the policy itself is a denial of constitutional rights. Rather, the claims against Guerin also appear to center around the fact that Guerin has supervisory responsibility as Warden.[24]  Therefore, Plaintiff's federal claims against LeBlanc and Guerin are also subject to dismissal.

### D.  Plaintiff has Not Stated a Claim for Failure to Protect

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[25]  Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[26] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[27]

"Deliberate indifference" is the standard applied when deciding a failure to protect claim. An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety"

---

[22] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

[23] To the extent Guerin may be implicated in the alleged conspiracy because of the Johnsons promotions after the attack on Plaintiff, that claim is also subject to dismissal for the reasons explained in Section II(E).

[24] All allegations against Guerin are based on his role as Warden.  Plaintiff specifically alleges Guerin is "unfit" to be a warden.  R. Doc. 1, p. 7.  He also alleges "Defendants employer [sic] are also liable for the acts and omissions of its workers and employees, being they all were acting under color of state law.  R. Doc. 1, p. 4. Therefore, all claims against LeBlanc and Guerin are subject to dismissal.

[25] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

[26] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[27] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).  Because failure to protect claims relate to prison officials, this is not a proper claim against Bell, the inmate who allegedly attacked Plaintiff.

and disregards that risk.[28]  A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[29]  In other words, to be liable for deliberate indifference, the prison official must want to cause the plaintiff harm or at least show a conscious or callous disregard to the plaintiff's right to be protected from such harm.[30]  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[31]  Mere negligence or the "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[32]  General knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[33]  Rather, deliberate indifference requires a level of awareness of a specific risk based upon specific information.

Plaintiff has not alleged that any Defendant (or any prison official, other than Angelica) was aware of facts to indicate that Bell posed a specific risk of harm to him.  For example, Plaintiff does not allege that he had been in fights with Bell in the past or that he and Bell were on each other's enemy lists.   To the contrary, Plaintiff "avers that he never had any words, fuss, disagreements, arguments, or disputes with Offender Ronald Bell…so said attack was without cause."[34]  Because Bell was admittedly not a known threat to Plaintiff before the incident, no

---

[28] *Id.*
[29] *Id.*
[30] *Johnston*, 786 F.2d at 1259.
[31] *Farmer*, 511 U.S. at 837.
[32] *Id.* at 838.  *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), citing *Farmer*, 511 U.S. at 838.
[33] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019).  *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[34] R. Doc. 1, p. 5.

Defendant can be liable under the Eighth Amendment for failing to protect Plaintiff from Bell, such that these claims are subject to dismissal for failure to state claim.  Rather, Plaintiff appears to rely on an alleged conspiracy in which he says Defendants placed a "hit" on him and acted in concert to deprive him of his constitutional rights; however, his conspiracy claims against all Defendants, except Angelica and Bell fail, as explained below.

### E.  Plaintiff has Not Stated a Claim for a Conspiracy Between Any Defendants, Except Angelica and Bell, for Placing a "Hit" on Plaintiff[35]

It is unclear whether Plaintiff intended all Defendants to be implicated in his conspiracy allegations, but he has only alleged facts to state a claim for conspiracy against Angelica Johnson and Bell.  "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983."[36] And while "well-pleaded facts [must be accepted] as true and view[ed] in the light most favorable to the plaintiff, a complaint 'that offers labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' is not plausible for purposes of Rule 12(b)(6)."[37] Nor must this Court accept as true "unwarranted factual inferences."[38] In order for Plaintiff "to establish [his] conspiracy claim, [he] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights."[39]

---

[35] To the extent Plaintiff request that any Defendant be "charged criminally with the Rico act …." (R. Doc. 1, p. 16), this is not relief that can be granted by the Court. *Williams v. American Commercial Lines, Inc.*, No. 20-139, 2020 WL 4574515, at *2, n. 15 (M.D. La. July 23, 2020), citing *Gill v. State of Texas*, 153 Fed. Appx. 261, 262–63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute.... Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.") (citations omitted)).

[36] *Montgomery v. Walton*, 759 Fed.Appx. 312, 314 (5th Cir. 2019).

[37] *Id.*, at 314, citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) quoting *Iqbal*, 556 U.S. at 678.

[38] *Howard v. Dixie Dunavant Ins. Agency*, 227 Fed.Appx. 363, 365 (5th Cir. 2007), quoting *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005).

[39] *Montgomery*, 759 Fed.Appx. at 314.

As to all Defendants, except Angelica and Bell, Plaintiff has only provided conclusory and speculative allegations as to the existence of a conspiracy, such as the allegation that Randalls intentionally did not witness the incident because she was aware that the hit had been placed on Plaintiff.[40]  Similarly, the allegation that because the attack by Bell happened in a blind spot of the security cameras "proves a hit and a well planned and organized conspiracy"[41] is speculative and conclusory. Plaintiff has not alleged specific facts to demonstrate that any other Defendants had agreements with each other to deprive him of his constitutional rights.  Plaintiff fails to describe the relationship between Randalls and the other alleged conspirators.  He also alleges that, since the incident, the Johnsons were promoted, "which shows their employer congratulated them both for wrong doings and trying to kill" him.[42]  To the extent this allegation is meant to demonstrate that any supervisory officials participated in the conspiracy, it is also speculative and insufficient to demonstrate a conspiracy.[43]  Plaintiff also alleges that, though Bell was written up, when he went to disciplinary court, Donald Johnson requested a "favor" and had Bell sent to the working cell blocks instead of extended lockdown because the Johnsons had ordered the "hit."[44]  None of these facts demonstrate that any individuals, other than Angelica Johnson and Bell, which are discussed, below, had any agreement to deprive Plaintiff of his constitutional rights.  Thus, Plaintiff's federal conspiracy claims as to all Defendants, except Angelica and Bell, are subject to dismissal for failure to state a claim.

Regarding Bell, though private actors, such as Bell, are generally not considered to be acting under color of law, private action may be deemed state action when the defendant's conduct

---

[40] R. Doc. 1, p. 11.
[41] R. Doc. 1, p. 5.
[42] R. Doc. 1, p. 12.
[43] *See McKinney v. McDuffie*, 789 Fed.Appx. 413, 416 (5th Cir. 2019) (allegation that inmate plaintiff was removed from prison job as part of conspiracy was speculative and insufficient to demonstrate a conspiracy).
[44] R. Doc. 1, p. 14.

is "'fairly attributable to the State.'"[45]  One way a private individual's conduct may be "fairly attributable to the state" is if she "is involved in a conspiracy or participates in a joint activity with state actors."  To establish liability on this basis, the plaintiff must allege: (1) an agreement between the private individual and the state actor to commit an illegal act; and (2) a deprivation of constitutional rights.[46]

Plaintiff alleges that Bell is a "hit man for [prison] security,"[47] and that the "hit" was placed on him by Angelica because of his nickname "Republican" and because Plaintiff was discussing Angelica's personal affairs, including her husband, Defendant Donald Johnson, allegedly fathering a child with another woman while married to Angelica.[48]  In support of the facts alleged, Plaintiff has also provided the affidavit of another offender, Charles Gross, alleging that Bell told Gross "he took a hit on Rodney White for Lt. [Angelica] Johnson."[49]  Read liberally, with the facts interpreted in favor of Plaintiff at this stage, this statement indicates that Bell had an agreement with Angelica to attack Plaintiff in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Further, Plaintiff was deprived of that right when Bell attacked him.[50]  Accordingly, considering these facts most favorably to Plaintiff, he has stated a claim for conspiracy against Angelica and Bell.[51]

---

[45] *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017), quoting *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004.
[46] *Priester*, 354 F.3d at 420.
[47] R. Doc. 1, p. 13.
[48] R. Doc. 1, pp. 9-10.
[49] R. Doc. 1, p. 18.
[50] Because the allegations suggest that Angelica and Bell conspired for Angelica to exercise excessive force against Plaitiff through Bell, this is evaluated as one for excessive force claim as to Angelica.  At least one other court has classified a similar claim as failure to protect.  *See Smith v. Jaramillo*, No. 05-713, 2007 WL 4554297, at *3–4 (W.D. Tex. Dec. 18, 2007).
[51] Plaintiff, however, has not stated a claim for retaliation.  R. Doc. 1, pp. 10-11, 13.  It appears Plaintiff believes the "hit" was taken out on him to retaliate against him for talking about Donald Johnson's affairs, but the retaliation claim fails because Plaintiff was not exercising a protected constitutional right when talking about the Johnsons' relationship. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (to state a claim for retaliation, a prisoner must allege that he was exercising or attempting to exercise a specific constitutional right).  *See Booth v. Pence*, 354 F.Supp.2d 553, at n. 6

### F. Plaintiff has Not Stated a Claim for Deliberate Indifference to a Serious Medical Need at this Time

Plaintiff has not alleged facts to demonstrate that appropriate medical care was denied by Dr. Harris following the attack, or that the denial amounted to "deliberate indifference to serious medical needs."[52] Whether the plaintiff received the treatment or accommodation that he believes he should does not establish deliberate indifference, absent exceptional circumstances.[53] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a civil rights violation.[54] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[55] *Farmer* lays out both an objective test and a subjective test.[56] The objective test requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[57] To meet the "subjective" test, plaintiffs must also show that prison officials acted with a "sufficiently culpable state of mind."[58] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly" show total disregard for any serious medical needs.[59] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[60]

---

(E.D. Pa. Jan. 24, 2004) (noting that gossip regarding what one inmate thinks of another officer is likely not a protected activity under the First Amendment).

[52] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).

[53] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

[54] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

[55] *Farmer*, 511 U.S. at 839–30.

[56] *Id*., at 837.

[57] *Id*., at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

[58] *Id.*

[59] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle*, *supra*.

[60] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff complains of a delay in receiving false teeth for those he lost when Bell attacked him.[61]  He alleges he did not receive false teeth until June 19, 2022,[62] and that the delay in receiving the false teeth caused him to lose weight and "caused his face to drop and face to be disfigured," as a result of not having teeth for approximately nine months.[63]  Plaintiff blames Dr. Roscoe Harris for this delay and for a "failure to properly treat" him.  These allegations are conclusory and do not state a claim currently.  However, because Plaintiff may be able to state a claim for deliberate medical indifference if he provides details regarding when he requested treatment, to whom he requested treatment, what treatment was given, and when treatment was given, this claim should be dismissed without prejudice to Plaintiff's right to amend his complaint within twenty-one (21) days of a ruling adopting this report and recommendation.[64]

### G.  Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[65]  District courts are given "wide latitude" in resolving state law claims,[66] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated

---

[61] R. Doc. 1, p. 8.
[62] R. Doc. 1, p. 8.
[63] R. Doc. 1, p. 8.
[64] *See Dunham v. Epps*, No. 07-171, 2009 WL 2396318, at *6 (S.D. Miss. July 31, 2009) (allegations of inability to eat or weight loss may be sufficient for substantial harm).
[65] 28 U.S.C. § 1367.
[66] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

before trial."[67]  Having recommended dismissal of the majority of Plaintiff's federal claims and because analysis of any state law claims would be wholly different than the analysis on the remaining federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.[68]

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over Plaintiff Rodney White's potential state law claims; that White's federal claims against Kirt D. Guerin, James M. LeBlanc, the State of Louisiana, Unknown Randalls, Donald Johnson, Unknown Gaines, and Craig White, as well as and claims of retaliation against all Defendants, be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A; that White's federal claims against Dr. Roscoe Harris be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, with leave to amend within twenty-one days of a ruling adopting this Report and Recommendation; and that this matter be referred to the undersigned for further proceedings on White's remaining claims (*i.e.*, his claims against Angelica Johnson and Ronald Bell for conspiracy to violate the Eighth Amendment and the related excessive force claim against Angelica Johnson).

---

[67] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[68] For example, conspiracy, excessive force, and deliberate indifference require a wholly different analysis than the state law claim of battery, which is implicated by Plaintiff's allegations.

## ORDER

Considering the issuance of this Report and Recommendation, the Motion Requesting an Expedited Screening Report and Recommendation,[69] filed by Plaintiff Rodney White, is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on March 16, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[69] R. Doc. 6.