**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RODNEY WHITE (#123606)** **CIVIL ACTION NO.**

**VERSUS** **22-577-JWD-EWD**

**KIRT D. GUERIN, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 7, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RODNEY WHITE (#123606)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-577-JWD-EWD** |
| **KIRT D. GUERIN, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is a Motion for Summary Judgment ("Motion"), filed by Defendant Angelica Selvage Johnson ("Johnson").[1] Rodney White ("Plaintiff") did not timely oppose the Motion.[2] Because Plaintiff did not exhaust administrative remedies before filing suit as required by 42 U.S.C. § 1997e, it is recommended that the Motion be granted, dismissing Plaintiff's claims against Johnson. It is further recommended that Plaintiff's claims against Defendant Ronald Bell ("Bell") be dismissed on the Court's own motion, and that this case be dismissed.

## I. BACKGROUND

Plaintiff filed this suit under 42 U.S.C. § 1983 against several defendants, all of whom were dismissed from this action by an earlier ruling, except Johnson and Bell ("Bell").[3] According to Plaintiff, Johnson and Bell conspired to violate his Eighth Amendment rights and excessive force was used against him by Johnson through Bell, another inmate.[4] Plaintiff asks for monetary damages and injunctive relief.[5]

---

[1] R. Doc. 44.

[2] Under Local Civil Rule 7(f), any opposition memorandum was due 21 days after the Motion was served. The Motion represents that it was mailed to Plaintiff on March 15, 2024 at his address at Elayn Hunt Correctional Center. R. Doc. 44, p. 3.

[3] R. Docs. 1, 8, & 10.

[4] R. Docs. 8, p. 10; 10.

[5] R. Doc. 1, p. 16.

## II. Law & Analysis

### A. Standard of Review

Summary judgment is proper where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.[6] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.[7] If the moving party carries its burden of proof under Federal Rule of Civil Procedure 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[8] Summary judgment must be entered against a party who fails to make an adequate showing to establish the existence of an element essential of that party's case and on which that party will have the burden of proof at trial.[9] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[10]

### B. Plaintiff Did Not Exhaust His Claims of Conspiracy and, Relatedly, Excessive Force against Johnson Before Filing Suit

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

[6] Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] *Celotex Corp*., 477 U.S. at 323.
[8] *Anderson*, 477 U.S. at 248.
[9] *Celotex Corp*., 477 U.S. at 323.
[10] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).

available are exhausted."[11] The purpose of the exhaustion requirement is to put prison officials on notice of the prisoner's complaint to allow officials a chance to resolve the issue before suit is filed. The PLRA's pre-filing exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[12] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [13] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[14] However, a district court may dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[15]

Plaintiff identified the relevant prison administrative grievance ("ARP") for this suit as EHCC-2021-794.[16] This ARP was submitted by Johnson in support of the Motion. It is short and includes less than a page of factual information, none of which suggests a conspiracy between Johnson and Bell or any other individuals. Indeed, Johnson's name is not mentioned in the ARP at all. Rather, the ARP simply notes that, on September 6, 2021, Plaintiff was hit with an object but was not given medical treatment on the day of the incident. The ARP also indicates that Plaintiff needed six "tooth pieces" removed after the incident.[17]

The purpose of the exhaustion requirement is to provide officials "time and opportunity to address complaints internally."[18] Where an inmate is complaining of an incident such as the one at issue, enough information must be given in the ARP to allow the prison to investigate "who was

---

[11] 42 U.S.C. § 1997e(a).
[12] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[13] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[14] *Jones*, 549 U.S. at 216.
[15] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).
[16] R. Doc. 1, p. 3.
[17] R. Doc. 44-5, p. 4.
[18] *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter."[19] Plaintiff's ARP, which was filed almost two months after the alleged incident, does not identify Johnson and does not provide any information suggesting a conspiracy between Johnson and Bell.[20] Because there is no information provided in the ARP to suggest Johnson had anything to do with Bell's attack on Plaintiff, his claim is unexhausted and must be dismissed.[21]

**C. Plaintiff's Claims Against Bell Should also be Dismissed on the Court's Own Motion**

Bell has remained a party in this case only because, based upon the allegations of the Complaint, he conspired with Johnson. Because of that alleged conspiracy with a state actor, Bell's actions could be considered state action as required to maintain a cause of action for civil rights violation.[22] Plaintiff's failure to include any information regarding a conspiracy in his ARP also requires that his claims against Bell be dismissed from this suit for the same reasons as the claims against Johnson. §1997e, by its plain language, required Plaintiff to exhaust administrative remedies as to his claims against Bell before filing this suit, which he did not do.[23]

Bell did not file a motion to dismiss and has never appeared in this case; however, the Court has the power to dismiss a party or to expand on the reasons for dismissal argued by other parties

---

[19] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

[20] The ARP also does not mention Bell by name, but it is undisputed that Bell is the inmate who allegedly attacked Plaintiff. *See* R. Doc. 1, p. 5 and R. Doc. 44-2, p. 2.

[21] *See Johnson,* 385 F.3d at 517, citing *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (holding that a grievance specifically complaining of a beating at the hands of one guard was not detailed enough to exhaust a failure-to-protect claim against another guard, who allegedly stood by and watched the beating, but who was not mentioned in the grievance). Plaintiff's related excessive force claim against Johnson is also subject to dismissal for failure to exhaust because that claim hinges on the conspiracy claim since Plaintiff does not allege that Johnson attacked him directly.

[22] R. Doc. 8, pp. 9-10.

[23] The plain language of § 1997e does not limit the exhaustion requirement to suits against prison or state officials; rather, it states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Actions must be exhausted if they involve prison conditions and are brought by a prisoner regardless of who is named as a defendant.

as long as notice and a chance to respond is given.[24] This Report and Recommendation, and the 14 day objection period, give Plaintiff adequate notice and a chance to respond.[25]

## III. Recommendation

**IT IS RECOMMENDED** that the Motion for Summary Judgment,[26] filed by Defendant Angelica Selvage Johnson, be **GRANTED,** and that all claims of Plaintiff Rodney White against Johnson be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that all claims of Plaintiff Rodney White against Defendant Ronald Bell be **DISMISSED WITHOUT PREJUDICE** on the Court's own motion, as Plaintiff also failed to exhaust administrative remedies as to these claims.

Because these recommendations resolve all remaining claims in this case, **IT IS FURTHER RECOMMENDED** that this case be **CLOSED**.

## ORDER

Considering the recommendations that the remaining claims in this case be dismissed, **IT IS ORDERED** that all pending Motions[27] are **DENIED**, without prejudice to refiling if the recommendations for dismissal are not adopted.

Signed in Baton Rouge, Louisiana, on August 7, 2024.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court dismissed claims on its own motion under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).

[25] *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

[26] R. Doc. 44.

[27] R. Docs. 47, 48, & 51. None of these motions were filed within the time period for Plaintiff to respond to the Motion for Summary Judgment and none of these motions impact the conclusion that Plaintiff did not exhaust administrative remedies before filing suit. For example, even if the statements of Charles Gross related to the alleged conspiracy between Johnson and Bell are true, Plaintiff did not allege the conspiracy in his ARP.